THE STANDARD BREWERY

*v.*

JACOB NUDELMAN.

*Opinion filed April 21, 1898.*

1. APPEALS AND ERRORS—*instructions may be refused where the subject is covered by others given.* Instructions may be refused the subject matter of which is clearly covered by other instructions given for the same party.

2. SAME—*in suits at law Appellate Court's judgment is final on facts.* In suits at law the Appellate Court's judgment will be affirmed, on appeal to the Supreme Court, in the absence of errors of law.

*Standard Brewery* v. *Nudelman,* 70 Ill. App. 356, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

CUTTING, CASTLE & WILLIAMS, for appellant.

M. SALOMON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee brought this suit against appellant and Redmond Flynn to recover damages for the seizure by them of personal property, and for shooting him at the time and in connection with the seizure. There was a trial, followed by a verdict and judgment for $1500, and the judgment has been affirmed by the Appellate Court.

It appeared at the trial that plaintiff had bought from Meyer Panoff a saloon, upon the contents and fixtures of which Panoff had given a chattel mortgage to the Standard Brewery, one of the defendants. Shortly after this sale plaintiff went, on the morning of August 11, 1892, to the office of the Standard Brewery and saw the president of the company, after which the president gave the mort-

gage to Fred Hollander, one of the company's salesmen, with instructions to collect the amount of it, or, if he could not get the money, to get a constable and foreclose the mortgage. After calling on the plaintiff at the saloon, Hollander engaged the defendant Redmond Flynn, a constable, to foreclose the mortgage, and they went to the saloon with Otto E. Vater. They found the plaintiff there and ten or twelve people sitting at the tables playing cards, all of whom they turned out of the saloon and took possession, leaving Vater there as custodian. After Hollander and Flynn left the saloon plaintiff came in at the back door and regained possession. A couple of hours later Hollander and Flynn returned and met Vater near the premises, and the three went into the saloon together. Plaintiff was behind the bar, and there were a number of people in the saloon. Flynn ordered plaintiff out of the premises, and shot him in the shoulder. The evidence on the part of plaintiff was, that Flynn told him he must leave the place at once or he would shoot him like a dog, and immediately carried the threat into execution by firing the shot. About everything the saloon contained was then removed by defendants under the chattel mortgage, as they claimed, and the evidence tends to show that property not included in the mortgage, and upon which the brewery had no lien, was seized and taken away.

The errors alleged in argument consist in refusing to give to the jury the third, fifth and eighth instructions asked by the defendants. The third stated that the Standard Brewery was not liable for any damages arising out of the shooting of the plaintiff by the defendant Flynn, and the eighth, that no exemplary or punitive damages should be awarded against it. The proposition contained in the fifth was, that the Standard Brewery was liable only for such acts of Flynn as were done in the course of his duty in foreclosing the chattel mortgage, and if the shooting arose from some personal quarrel of the plaintiff and defendant Flynn, the jury should find

the Standard Brewery not guilty so far as the personal
injuries were concerned.   In other instructions which the
court gave to the jury, they were told that unless they
found both defendants guilty of the shooting they could
not assess any damages against both on that account;
that if the only authority given by the Standard Brewery
to the defendant Flynn was to foreclose the mortgage,
such authority did not authorize an assault by the de-
fendant Flynn on the plaintiff, but only authorized the
defendant Flynn to foreclose said mortgage legally and
in a peaceable manner; that if the only instruction from
the Standard Brewery to defendant Flynn was that he,
Flynn, should foreclose the mortgage, then such instruc-
tion did not authorize the defendant Flynn to assault the
plaintiff or to do anything in an illegal manner;  that
what was said or done by the defendant Flynn in con-
nection with the injury to the plaintiff was not evidence
against the Standard Brewery, except in so far as such
speech or action was in the course of the employment
of Flynn by the Standard Brewery for the purpose of
foreclosing the mortgage; that they could not award ex-
emplary damages unless the injury complained of was
wantonly and maliciously inflicted on the part of both
defendants, and before giving such damages they must
have found that both defendants acted wrongfully, wan-
tonly and maliciously in inflicting the injury, and that
if the defendant Flynn, while foreclosing the mortgage,
committed an assault or trespass which was improper or
unnecessary for the purpose of foreclosing the mortgage,
the Standard Brewery was not liable for damages for the
consequences of such assault or improper act, unless the
jury also found, from the evidence, that the Standard
Brewery authorized or instigated the commission of such
assault or unlawful act.

These instructions fairly presented to the jury the law
of the case in the interest of the Standard Brewery.  They
clearly covered what the court was asked to say by the

fifth instruction, which was refused, and we do not think that under the evidence the Standard Brewery was entitled to have any further instructions given. Those that were given substantially covered the claim of defendant as to its liability for the acts of Flynn, and we cannot see any just cause of complaint on account of the manner in which the jury were instructed. Appellant must abide by the decision of the Appellate Court upon the facts, and, as we find no reversible error in the record, the judgment is affirmed.

*Judgment affirmed.*